# H. D. Kyte, Administrator C. T. A. of Hannah Kyte, Deceased, *v.* R. Foran, Appellant.

*Evidence—Competency of witness—*

In an action of trespass by an administrator against a sheriff to recover damages for an alleged wrongful sale of goods belonging to the estate of the decedent, a person who has signed the bond to indemnify the sheriff against loss by reason of the sale, has an interest adverse to the decedent, and is incompetent to testify as to matters occurring prior to the decedent's death.

Argued March 20, 1895.    Appeal, No. 387, Jan. T., 1895, by defendant, from judgment of C. P. Susquehanna Co., Aug. T., 1888, No. 58, on verdict for plaintiff.    Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ.    Affirmed.

Trespass against sheriff to recover damages for an alleged wrongful sale of personal property.    Before ARCHBALD, P. J.

At the trial, it appeared that the defendant on April 2, 1888, sold a large quantity of personal property as the property of Joseph R. Kyte.    The property in question was on a farm belonging to the estate of Hannah Kyte, deceased, mother of Joseph R. Kyte.    After the levy, and prior to the sale, H. D. Kyte, administrator c. t. a. of Hannah Kyte, deceased, claimed the property as belonging to the estate of the decedent.    The plaintiff in the execution gave the sheriff an indemnifying bond with T. W. Kyte as surety.    The sheriff then sold the goods.

The evidence showed that Joseph R. Kyte lived on the farm owned by his mother, but the evidence was conflicting as to whether he carried it on for his own benefit, or for hers.

Witnesses testified to declarations made by Joseph to the effect that the property belonged to his mother. Opposed to this, witnesses were produced who testified to the declarations of Mrs. Kyte, that the property was not hers and belonged to Joseph.

When T. W. Kyte, a witness for defendant was on the stand, defendant's counsel made the following offer:

" We offer to prove by the witness on the stand the conversations of Hannah D. Kyte in which she has admitted that the title to the personal property on the farm was in Joseph R. Kyte."

Mr. McCollum: We object that the witness is incompetent to testify to anything that occurred during the lifetime of Hannah D. Kyte.

Mr. Ainey: And in which the source of title was described by her and admitted to be in Joseph R Kyte. Objected to, same as before.

The Court: It seems to me that the interest of the witness on the bond given to indemnify the sheriff would be adverse to Mrs. Kyte and therefore the case would fall within the exclusions of the statute.

Objection sustained. Defendant excepts. Bill sealed for defendant. [1]

The court under objection and exception admitted evidence of the declarations of Joseph R. Kyte. [4-7]

The court submitted the whole case to the jury.

Verdict and judgment for plaintiff for $400. Defendant appealed.

*Errors assigned* among others were (1, 4–7) rulings on evidence, quoting the bill of exceptions.

*Wm. D. B. Ainey, Searle McCollum* and *J. M. Kelly* with him, for appellant.—Kyte was a competent witness: Act of May 23, 1887, sec. V, (*e*), P. L. 159; Dixon v. McGraw, 151 Pa. 100 ; Spott's Est., 156 Pa. 282; Wolf v. Carothers, 3 S. & R. 240 ; Smith v. Hay, 152 Pa. 383.

Declarations against interest are to be taken as true, and construed most strongly against declarant: Gabler's App., 5 Cent. 314.

*A. H. McCollum*, of *McCollum & Smith*, for appellee, cited on the competency of the witness: Huzzard v. Nagle, 40 Pa. 178; Noble v. Cope, 50 Pa. 17; Dixon v. McGraw, 151 Pa. 98; Wolf v. Carothers, 3 S. & R. 240; Smith v. Hay, 152 Pa. 383; Steiner v. Erie Dime Saving & Loan Co., 98 Pa. 593; Sutherland v. Ross, 140 Pa. 386; Parry v. Parry, 130 Pa. 105; Duffield v. Hue, 129 Pa. 106; Ivins's Est., 106 Pa. 183; act of 1887, P. L. 159; Keener v. Zartman, 144 Pa. 179.

PER CURIAM, April 1, 1895:

We are not convinced that either of the assignments of error should be sustained. The witness referred to in the first specification was incompetent to testify to what occurred in the lifetime of plaintiff's testatrix, and hence the offer to prove conversations, in which it was alleged she admitted that title to the personal property on the farm was in Joseph R. Kyte, was rightly rejected. The case depended on questions of fact which were fairly submitted to the jury with instructions which appear to have been substantially correct and adequate. There is nothing in any of the specifications of error that requires further notice.

Judgment affirmed.